**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
<u>                                                                                         </u>
RICHARD CHAMPION,

                                  Petitioner,

           - v -                                                  Civ. No. 9:07-CV-1266
                                                                   (NAM/RFT)

SUSAN CONNELL,

                                 Respondent.
<u>                                                                                         </u>

**APPEARANCES:**                                       **OF COUNSEL:**

RICHARD CHAMPION
Petitioner, *Pro se*
3539 South Street
Clinton, New York 13223

HON. ANDREW M. CUOMO                     FREDERICK H. WEN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, New York 10271

**RANDOLPH F. TREECE**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

       On December 6, 2007, *pro se* Petitioner Richard Champion filed a Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Pet.; Dkt. No. 2, Mem. of Law. According to the Petition, Champion was convicted by a jury of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, and two counts of burglary in the first degree. Pet. at Part VII, Statement of Facts. However, by his current Petition, Champion does not seek to challenge the underlying conviction. Instead, he challenges the denial of his parole on June 19, 2005.[1] *See generally id.* Respondent filed a Response along with the relevant State Court Records on March

---

[1] Though Petitioner mentioned he wanted to challenge a subsequent denial of parole as well, this Court ruled on January 17, 2008, that he must file separate petitions for each denial, thus, only Petitioner's June 19, 2005 denial of parole is at issue in this Petition. Dkt. No. 4 at p. 2.

21, 2008, Dkt. Nos. 6 & 7, and Petitioner filed a Traverse on March 27, 2008, Dkt. No. 8, at which point the Petition was ripe for the Court's review.

On August 13, 2008, the Court received correspondence from Champion providing an updated, non-prison address by which he could be reached; no explanation as to the change of address was provided. Dkt. No. 9. Thereafter, on August 19, 2008, Respondent filed a Letter-Motion explaining the Petitioner had been released on conditional parole and asking the Court to dismiss the Petition as moot. Dkt. No. 10. Petitioner has not responded to Respondent's Letter-Motion.

A review of the New York State Department of Correctional Services (DOCS) Inmate Locator website indicates that Plaintiff was conditionally released to parole on August 14, 2008. *See* NYDOCS Inmate Locator Website, *available at* http://nysdocslookup.docs.state.ny.us (last visited January 9, 2009). Because of his release to parole, the Court must assess whether the Petition, seeking only a reversal of the denial of parole, is moot.

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 6 (1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also Clayton v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 451 U.S. 679, 692 (1981) (if a plaintiff "receives the full relief [] requested . . . [the] . . . action would become moot.").

In the context of *habeas corpus* petitions, a petitioner no longer in custody must demonstrate a concrete and continuing injury that is a "collateral consequence" of the detention that can be remedied by granting the writ. *Spencer v. Kemna*, 523 U.S. at 7. While it is presumed that a *habeas* petitioner challenging his or her underlying criminal conviction suffers from collateral consequences after release from custody, the same cannot be said of individuals challenging parole denials or revocations. *Carafas v. LaValle*, 391 U.S. 234, 237-38 (1968) (holding a *habeas* petition is not moot if there are collateral consequences resulting from a conviction, *i.e.*, inability to serve on juries, carry out certain businesses, and a revocation of voting privileges); *Spencer v. Kemna*, 523 U.S. at 7 (noting that once a sentence is complete, a *habeas* petitioner challenging parole revocation must demonstrate collateral consequences else face dismissal for mootness); *Martinson v. United States Parole Comm'n*, 2005 WL 1309054, at *4-5 (S.D.N.Y. June 1, 2005) (applying the holding in *Spencer* to a petitioner challenging parole denial and requiring a showing of collateral consequences); *Poole v. Mazzuca*, 2008 WL 163697, at *2 (N.D.N.Y. Jan. 14, 2008) (finding petitioner failed to show he suffered collateral consequences after his release from state custody and thus his challenge to his parole denial was moot).

In light of the above, the Court finds that the relief sought in this Petition is no longer needed or available, thus, we recommend dismissing the Petition as moot.

Thus, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED** and the Petition be **DISMISSED** as moot; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 12, 2009
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge